UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHEN DUNNE, )
    Plaintiff, )
)
) CIVIL ACTION
v. ) NO. 07-11166 DPW
)
THE MASSACHUSETTS BOARD OF )
BAR EXAMINERS, et al., )
    Defendants. )
)

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

    Plaintiff, a law school graduate who failed the February 2007 Massachusetts Bar Examination by 1.14 points, attributes his failure to the inclusion of an essay question which he alleges "compell[ed] Plaintiff to write an affirmative response explicitly and implicitly accepting, supporting and promoting homosexual marriage and homosexual parenting on the Massachusetts Bar Examination as a prerequisite to the practice of law in the State of Massachusetts." *Complaint*, ¶¶ 2, 6, 9. Plaintiff attempts to remedy his failure, and collect $9.75 in damages, by asserting eleven constitutional claims against the Massachusetts Board of Bar Examiners (and its members, both in their individual and official capacities) (the "BBE"), the Massachusetts Supreme Judicial Court (SJC), and four Justices of the SJC under 42 U.S.C. §1983. Although Plaintiff seeks relief only as to his bar admission and future bar examinations, he also appears to raise a challenge to the Supreme Judicial Court's decision in *Goodridge v. Dep't of Public Health*,[1] 440 Mass. 309 (2003). As described below, all of Plaintiff's claims fail because they

---

[1] In *Goodridge*, the Massachusetts Supreme Judicial Court interpreted the Massachusetts constitution to prohibit discrimination against same-sex couples with regard to civil marriage in the Commonwealth. 440 Mass. 209 (2003).

are either barred or fail to state a claim as per Fed. R. Civ. P. 12(b), and should, therefore, be dismissed.

## FACTS AS ALLEGED[2]

Plaintiff applied for admission to the Massachusetts Bar in November 2006. *Complaint*, ¶¶ 9, 91. He subsequently took the Massachusetts Bar Examination. *Id*. That bar examination included an "inappropriate question" "compelling Plaintiff to write an affirmative response explicitly and implicitly accepting, supporting and promoting homosexual marriage and homosexual parenting…as a prerequisite to the practice of law in the State of Massachusetts." *Complaint*, ¶2. A copy of the February, 2007 bar exam essay questions is attached hereto as Exhibit 1.[3] Question 4, the question to which the Plaintiff objects, described a situation in which Mary and Jane, both presumably women, entered into a civil marriage, had children, and subsequently split. *Exhibit 1*, p. 5. The question asked the test-takers to answer "what are the rights of Mary and Jane?" *Id*.

In May, 2007, the Board of Bar Examiners notified the Plaintiff that his application was denied because he had failed to earn a passing score on the examination. *Complaint*, ¶¶ 6, 9. Plaintiff alleges that his "refusal to affirmatively accept, support and promote homosexual marriage & homosexual parenting on the Massachusetts Bar Examination resulted in the Plaintiff failing the Massachusetts Bar Examination." *Complaint*, ¶ 10. Plaintiff seeks injunctive and declaratory relief pertaining to his bar application and future bar examinations. Although many

---

[2] As they must, Defendants accept the Plaintiff's factual allegations as true for the purposes of this motion only.
[3] In reviewing the sufficiency of Plaintiff's Complaint on this motion to dismiss, the Court may properly consider the entirety of a document integral to, or explicitly relied upon, in the Complaint, without converting the motion to one for summary judgment. *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24 (1st Cir 2000); Fed. R. Civ. Pro. 12(b).

of Plaintiffs' allegations are styled as a challenge to the *Goodridge* decision itself, the Complaint only seeks remedies with regard to the bar examination. However, this motion addresses Plaintiff's arguments with regard to both the *Goodridge* decision and the bar examination.

## STANDARD OF REVIEW

In order to defeat a motion made pursuant to Fed.R.Civ.P. 12, a complaint must contain "enough fact to raise a *reasonable* expectation that discovery will reveal evidence" supporting the claims. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (May 21, 2007) (emphasis supplied). To comply with the Rules, a plaintiff must "provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action" does not suffice. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, at 1965. When considering motions to dismiss, courts should "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." *Chongris v. Bd. of Appeals of Town of Andover*, 811 F.2d 36, 37 (1st Cir. 1987).

## ARGUMENT

I. Plaintiff Will Be Unable To Show That The Essay Question To Which He Objects Caused His Bar Exam Failure

Plaintiff failed the bar exam by 1.14 points, and attributes his failure to his "refusal to answer [an essay question] at issue in the format proscribed." *Complaint*, ¶6. However, given that Plaintiff's failure was by such a small margin, he will be unable to prove that any particular missed question was the cause of his failure. It is clear that "principles of causation borrowed from tort law are relevant to civil rights actions brought under section 1983." *Buenrostro v. Collazo*, 973 F.2d 39, 45 (1st Cir. 1992). Plaintiff's allegations fail to set forth the causal nexus required for a claim under section 1983. *See id.* Plaintiff lost points on more than just the one

essay question that he chooses to challenge in his Complaint; no amount of discovery will enable him to prove as a matter of fact or law that any one question on the exam was the direct cause of his failing score. As a result, his claims fail against all defendants.

    II.    <u>Plaintiff's Claims Against the SJC and BBE Are Barred By The Eleventh Amendment</u>

Plaintiff claims against the SJC and the BBE fail because they are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution provides that States are not subject to suit in the Federal Courts of the United States. Instead, the States are entitled to sovereign immunity. The Federal Courts have long held that they lack jurisdiction to entertain suits against individual States, unless the State has waived its immunity. *See*, *e.g.*, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996), *quoting Hans v. Louisiana*, 134 U.S. 1, 15 (1890) (noting that "[f]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states 'was not contemplated when establishing the judicial power of the United States'"). *See also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) ("[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it,… a State cannot be sued directly in its own name regardless of the relief sought"). No provision of section 1983 abrogates Eleventh Amendment immunity; suit against the state, and by extension state agencies, is therefore barred.

    III.    <u>Plaintiff's Claims Are Barred Against The Judicial Defendants: Margaret H. Marshall, Roderick L. Ireland, Judith A. Cowin, and John M. Greaney</u>

At the outset, Defendants note that the Complaint fails to state with any particularity what Plaintiff's specific claims are against the justices. On that basis alone, every claim against Marshall, Ireland, Cowin and Greaney (the "judicial defendants") should be dismissed.

However, whether the Plaintiff intends to sue the judicial defendants for their role in the *Goodridge* decision or for their oversight of the BBE, those claims fail.

      a. <u>To The Extent Plaintiff Intends To Sue The Justices For Their Role In The *Goodridge* Decision, Those Claims Are Barred By Judicial Immunity</u>

The judicial defendants may not be held liable in this court for their decision in *Goodridge* because that decision was made in the exercise of their judicial function. The federal courts have widely recognized that judges are immune from suit for exercises of their judicial discretion. *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989). Judges may not be deprived of immunity even if their actions were in error, were done maliciously, or were in excess of their authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Their errors remain subject to correction on appeal. Judges must never worry that unsatisfied litigants will hound them with litigation. *Peirson v. Ray*, 386 U.S. 541, 554 (1967). To allow actions such as this one "would not contribute to principled and fearless decision-making but intimidation." *Id.* There can be no question that the named justices were acting in the exercise of their judicial function when they issued their opinion in *Goodridge*. Therefore, all claims against the judicial defendants should be dismissed.

      b. <u>To The Extent Plaintiff Intends To Sue The Justices For Their Oversight Of The BBE, His Claims Fail Because §1983 Does Not Allow For Respondeat Superior Liability.</u>

The judicial defendants may not be sued in their capacities as overseers of the BBE, because section 1983 does not provide for respondeat superior liability. *Monell v. Dep't of Social Services of the State of New York*, 436 U.S. 658, 694 (1978) ("A local government may not be sued under §1983 for an injury inflicted solely by its employees or agents.") Plaintiff attributes no particular act or omission on the part of the judicial defendants, solely that they are

responsible for oversight of the BBE. That allegation, in and of itself, does not create liability under section 1983. As a result, all claims against the judicial defendants should be dismissed.

    IV.    <u>To The Extent He Intends To Challenge The Outcome Of Goodridge, Plaintiff's Claims Are Barred By Rooker-Feldman</u>

If the Plaintiff intends, by this suit, to challenge the outcome of the *Goodridge* case, the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Despite the Plaintiff's characterization of his claim as a violation of his rights under 42 U.S.C. §1983, the gravamen of his complaint is that the SJC acted improperly when they interpreted the Massachusetts Constitution in the *Goodridge* decision.

This notion of "appealing" to federal court is precisely what is proscribed by the Rooker-Feldman doctrine. *Rooker v. Fidelity Trust Co., et. al.*, 263 U.S. 413, 44 S.Ct.149 (1923); *District of Columbia Court of Appeals, et. al., v. Feldman*, 460 U.S. 462, 103 St. Ct. 1303 (1983). The plaintiff is dissatisfied with a decision made by Massachusetts Supreme Judicial Court. The decision was rendered before this action was commenced. The plaintiff is making an "impermissible attempt to appeal to the state judgment to the lower federal courts, and, under Rooker-Feldman doctrine, the federal courts lack jurisdiction." *Federacion De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005).

Plaintiff attempts to circumvent the Rooker-Feldman doctrine by asserting that he challenges the constitutionality of a state law, rather than the application of that law in a

---

[4] In addition, Plaintiff makes no allegations that would support him having standing to challenge the *Goodridge* decision.

particular case. *Complaint*, ¶82. This argument is unavailing as Plaintiff is not challenging the constitutionality of a state law; he is challenging the way the Justices interpreted the state constitution. Consequently, inasmuch as it challenges the *Goodridge* decision, the Complaint should be dismissed as to all defendants for lack of subject matter jurisdiction.

> V. Plaintiff's Claims Against the Individual BBE Defendants Must Be Dismissed Because The BBE Defendants Have Taken No Action To Deprive Him Of His Civil Rights.

Plaintiff's own allegations demonstrate that the individual BBE Defendants, in administering the bar exam, merely executed their statutory duties. Nothing in Plaintiff's complaint alleges any action in excess of the Defendants' authority or in violation of Plaintiff's rights. The Board of Bar Examiners is charged by Mass. Gen. Laws ch. 221, §36 to "make rules with reference to examinations for admission to the bar and the qualifications of applicants therefore, and determine the time and place of such examinations, and conduct the same…" Plaintiff alleges that the BBE and its members administered a bar application and examination process, which is their required statutory duty. Despite Plaintiff's moral and religious objections, the SJC's decision in *Goodridge* is the current law in the Commonwealth. Plaintiff's allegations merely illustrate that the BBE and its members performed their statutory duties by conducting an examination for admission to the bar that tested applicants on their knowledge of the current state of the law in the Commonwealth. As a result, Plaintiffs claims against the individual BBE Defendants should be dismissed.

> VI. Plaintiff's Complaint Should Be Dismissed As Against All Defendants Because Plaintiff Fails To State A Cause Of Action Upon Which Relief May Be Granted.

      a.    Count 1: Plaintiff Fails To State A Cause Of Action Under The Free Exercise Clause Of The First Amendment

Plaintiff's claim that the Defendants "invidiously deprived Plaintiff of his First Amendment right to the free exercise of his religion" by "impos[ing] [a] requirement stipulating mandatory adherence with a particular belief in derogation of the Plaintiff's religious faith" fails because the complaint provides no factual support that Plaintiff was required to adhere, or profess adherence, to any belief. *Complaint*, ¶ 103-104. Under the free exercise clause of the 1st Amendment, a law is subject only to rational basis review if it is a neutral law of general applicability. *Employment Division v. Smith*, 494 U.S. 872, 879 (1990). Rational basis review requires merely that the law in question is rationally related to serve a legitimate government purpose. *See*, *e.g.*, *Pennell v. City of San Jose*, 485 U.S. 1 (1988). Neither the *Goodridge* decision nor the bar examination are themselves laws. *Goodridge* is a judicial decision interpreting the Massachusetts Constitution. *Largess et al. v. Supreme Judicial Court et al.*, 317 F.Supp. 2d 77, 83 (D.Mass. 2004), *affirmed by* 373 F.3d 219 (1st Cir. 2004), *cert denied by* 543 U.S. 1002 (2004) ("The SJC's reformulation of the term marriage in its opinion in the *Goodridge* case was, therefore, not a legislative act. Rather, it was a legitimate exercise of that court's authority and responsibility to decide with finality all issues arising under the Massachusetts Constitution.") The bar examination to which Plaintiff objects, in addition to not being a law, is of general applicability because everyone who sits for the bar exam must answer the same questions. The Commonwealth clearly has an interest in testing bar applicants on the current state of the law; administering a written examination is a rational means of doing so. Moreover, responding to the question did not require

Plaintiff to endorse any particular viewpoint or express a personal opinion about the issues presented.  It merely required him to state the current law in the Commonwealth.

> b. Count 2: Plaintiff Fails To State A Cause Of Action Under The Establishment Clause

Plaintiff's claim that Defendants breached his First Amendment rights by "advocating Defendants' irreligion of 'Secular Humanism' over Plaintiff's religion or alternatively advocating 'Defendants' religion of 'Secular Humanism' over Plaintiff's religion" similarly fails to state facts giving rise to a First Amendment claim.  Under the establishment clause of the First Amendment, if a law does not facially differentiate among religions, the court is to examine a three part test: (1) does the statute have a secular purpose; (2) is its principal or primary effect one that neither advances nor inhibits religion; (3) does the statute foster an excessive government entanglement with religion.  *Lemon v. Kurtzman*, 403 U.S. 602 (1971).  Plaintiff fails to present a claim that even allows for this three-part analysis.  Plaintiff does not challenge a statute; rather, he challenges a bar examination question, and arguably challenges the judicial decision in *Goodridge*.  The bar exam question neither advances nor inhibits religion; neither does the Massachusetts Constitution.  The bar examination asks, without respect to any respondent's religious beliefs, about the current civil laws in the Commonwealth.  Plaintiff does not, nor could he, identify any provision in the Massachusetts Constitution that either advances or inhibits religion, or that fosters an excessive government entanglement with religion.

> c. Count 3: Plaintiff Fails To State A Cause Of Action For Violation of His Rights Of Expression And Association

Plaintiff's third cause of action is similarly unsupported by any factual allegations. The right to free association protects one's ability to join a group without penalty, and can, under certain circumstances, protect the right to keep one's membership in a group private. *See*, *e.g.*, *Noto v. United States*, 367 U.S. 290 (1961); *NAACP v. Alabama ex. rel Patterson*, 357 U.S. 449 (1958). The right to free association also touches on a group's ability discriminate in membership. *Roberts v. United States Jaycees*, 468 U.S. 609 (1984). Plaintiff makes no allegations that he was punished for joining a group or that he was forced to expose his membership in a group. The bar examination question did not require plaintiff to disclose membership in any particular group; it merely required him, and every other bar applicant, to state the current law of the Commonwealth as it applied to the fact pattern at hand.

        d.   Count 4: Plaintiff Fails To State A Cause Of Action For Compelled Speech

Plaintiff's allegations do not state a claim for compelled speech. A law violates the First Amendment prohibition of compelled only if it requires an affirmation of a belief. *West Virginia State Board of Education v. Barnette*, 319 U.S. 624 (1943). In taking the bar examination, Plaintiff was not required to endorse any viewpoint, but merely to respond as to the current state of the law. The question at issue merely asks the applicant to state the rights and responsibilities of two parties under Massachusetts domestic relations law. The question does not ask the applicant to affirm a moral belief in the domestic relations law.

        e.   Counts 5 And 6: Plaintiff Fails To State Procedural Due Process Claims Under Either The 5th Amendment Or The 14th Amendment

Plaintiff alleges no facts to support a due process claim. A procedural due process claim is subject to a three part-inquiry: (1) has there been a deprivation; (2) of life, liberty or property; (3) without due process of law.  U.S. Constitution, Amendment XIV; *Mathews v. Eldridge*, 424 U.S. 319, 322 (1976)**.**  Any deprivation of the Plaintiff's "right" to practice law was at Plaintiff's own hand in failing to achieve a passing score on the bar exam.  Even assuming that Plaintiff was deprived of a property interest in his bar admission, nowhere in the Complaint does he allege that he was denied any process.  In fact, he alleges the opposite: that after he failed to achieve a passing score, his exam was re-read and re-graded.  Plaintiff's dispute is with the result, not the process.

      f.   <u>Count 7: Plaintiff Fails To State A Cause Of Action Under The Privileges And Immunities Clause</u>

Article IV, §2 of the Constitution limits the ability of states to discriminate against out-of-staters with regard to constitutional rights or important economic activities. *Hague v. Committee for Industrial Organization*, 307 U.S. 496 (1939).  In analyzing a claim under the privileges and immunities clause, a court examines a 2-part inquiry: (1) has the state discriminated against out-of-staters with regard to privileges and immunities that it accords its own citizens, and (2) if there is such discrimination, is there sufficient justification for the discrimination?  *United Building & Construction Trades v. Mayor and Council of the City of Camden*, 465 U.S. 208, 218 (1984).  Here, the bar exam makes no distinction between in-staters and out-of staters.  The requirements for admission to the bar are applied equally to both.  The exam merely requires, of both in-state residents and out-of-state residents alike, proficiency in the Commonwealth's laws as a prerequisite to practicing law in the Commonwealth.  There is no *per se* bar, or even unequal hurdle, to out of state applicants.  Similarly, *Goodridge* merely interprets the

Massachusetts Constitution; it imposes no discrimination upon out-of-staters. Plaintiff has not, nor could he, state any facts to support a claim under the Privileges and Immunities clause, Article IV, §2.

>    g.  Count 8: Plaintiff Fails To State A Cause Of Action Under The 14th Amendment Privileges Or Immunities Clause

The Plaintiff alleges no facts supporting a conclusion that the bar exam infringes on the fundamental right to travel as protected by the privileges or immunities clause of the 14th Amendment. The privileges or immunities clause "protects the … right to travel [and] the citizen's right to be treated equally in her new State of residence." *Saenz v. Roe*, 526 U.S. 489, 503 (1999). The Massachusetts bar application has no residency requirement and in no way infringes upon the right to travel. It treats in-state residents and out-of-state residents equally, and makes no distinction based on length of residency in the Commonwealth. Plaintiff has not, and cannot, make any factual assertions to the contrary.

>    h.  Count 9: Plaintiff Fails To State A Cause Of Action Under The Supremacy Clause

Plaintiff's claim that *Goodridge* violates the Supremacy Clause of the United States Constitution fails as a matter of law. While it is true that "under the Supremacy Clause, from which our pre-emption doctrine is derived, 'any state law, however within a State's acknowledge power, which interferes with or is contrary to the federal law, must yield,'" *Gade v. National Solid Waste Management Association*, 505 U.S. 88, 108 (1992), no such conflict exists here. The federal Defense of Marriage Act (DOMA) sets forth a definition of marriage for purposes of federal laws, but does not impose a requirement upon states to define marriage as between only a one man and one woman. 1 U.S.C. §7

(1997). DOMA also specifies that states are not required to recognize a same-sex marriage from another state. 28 U.S.C. §1738C (1997). Neither of these provisions conflict with the SJC's holding in Goodridge, which interpreted the Massachusetts Constitution to require equal access to civil marriage for same sex couples.

Plaintiff's reliance on *Baker v. Nelson* is similarly inapposite. *Baker* is not a written opinion of the United States Supreme Court; it is a dismissal for "want of a substantial federal question." 409 U.S. 810 (1972). Such dismissal is simply a reflection of the Court's opinion that jurisdiction was lacking. Moreover, even if *Baker* could be considered a statement by the United States Supreme Court that state bans on same-sex marriage do not violate the United States Constitution, that conclusion has no bearing on the question of whether the Massachusetts Supreme Judicial Court has the authority to interpret the Massachusetts Constitution. The federal courts have in fact found that "[t]he SJC has the authority to interpret, and reinterpret, if necessary, the term marriage as it appears in the Massachusetts Constitution." *Largess et al. v. Supreme Judicial Court et al.*, 317 F.Supp. 2d 77, 83 (D.Mass. 2004), *affirmed by* 373 F.3d 219 (1st Cir. 2004), *cert denied by* 543 U.S. 1002 (2004).

> i. Count 10: Plaintiff Fails To State A Cause Of Action Under The Dormant Commerce Clause

To state a claim under the dormant commerce clause, Plaintiff would need to allege facts supporting a conclusion that the bar exam placed an undue burden on interstate commerce. In examining claims under the dormant commerce clause, courts apply the balancing test articulated by *South Carolina State Highway Department v. Barnwell Bros* (1938) and *Southern Pacific Co. v. Arizona* (1945): whether the benefits of the state law outweigh the law's burdens on interstate commerce. Plaintiff has not

alleged any facts showing that there is any burden on interstate commerce by either the bar exam or *Goodridge*. Each state clearly has an interest in testing its bar applicants on the current state law; to adopt Plaintiff's reading would be to declare any bar examination unconstitutional if it asked about any peculiarity of state law.

      j.    Count 11: Plaintiff Fails To State A Cause Of Action Under The Contracts Clause

To state a claim under the contracts clause of the U.S. Constitution, Plaintiff would have to show that the state has passed a law impairing the obligation of federal contracts. U.S. Constitution, Art. 1, §10. The Commonwealth passed no law when it, through the BBE, administered the bar examination. To the extent Plaintiff is referring to the *Goodridge* decision, that decision was not a law passed but rather an interpretation of the Massachusetts Constitution. Moreover, Plaintiff alleges no facts to support a conclusion that either the bar examination or the *Goodridge* decision had any impact whatsoever on any obligation of federal contracts.

    IV.    Plaintiff's Claims Against Both the BBE and Judicial Defendants In Their Individual Capacities Must Be Dismissed Because They Are Entitled To Qualified Immunity.

Even if plaintiff's civil rights claims were not otherwise subject to dismissal, Defendants are each entitled to qualified immunity in their individual capacities. In *Savard v. Rhode Island*, the First Circuit elucidated the analytical framework for qualified immunity questions stating,

> [t]he threshold question is whether the plaintiffs have established a constitutional violation…. The second question deals with fair warning; it asks whether the law was clearly established at the time of the constitutional violation…. The final question is whether a reasonable official, situated similarly to the defendant(s), would have understood that the conduct at issue contravened the clearly established law.

338 F.3d 23, 27 (1st Cir. 2003) (citations omitted). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that public officials qualify for immunity when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). The defendants can have violated no established statutory or constitutional right by including an essay question which asked the respondent to provide the current state of Massachusetts law on the topics raised by the essay question. Nowhere was Plaintiff compelled to express any agreement with or approval of the law; he was merely asked to state what the law was. Even if a constitutional right could be parsed from Plaintiff's claims, the individual defendants would still be immune as they, as reasonable officials, could not have known they were violating any such right.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that all counts of Plaintiff's Complaint, as amended, be dismissed.

> Respectfully Submitted,
> COMMONWEALTH OF
> MASSACHUSETTS
>
> By its Attorneys,
>
> MARTHA COAKLEY
> ATTORNEY GENERAL
>
>    /s/ Anne Sterman
> Anne Sterman, BBO #650426
> Assistant Attorney General
> Government Bureau/Trial Division
> One Ashburton Place, Room 1813
> Boston, MA  02108
> (617) 727-2200 x 2109

Dated: July 30, 2007

CERTIFICATION UNDER LOCAL RULE 7.1

Counsel for all defendants hereby certifies, pursuant to Local Rule 7.1(A)(2), that on July 26, 2007, I conferred by telephone with the *pro se* plaintiff, Stephen Dunne, concerning the issues set forth in Defendants' Motion to Dismiss.

          /s/ Anne Sterman
          Anne Sterman, Assistant Attorney General
          Government Bureau/Trial Division

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 30, 2007.

          /s/ Anne Sterman
          Anne Sterman
          Assistant Attorney General